IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| VS. | * | |
| | * | NO: 4:05CR00275   SWW |
| | * | |
| DAVID CATLETT | * | NO: 4:07CV01135    SWW |
| | * | |
| | * | |

**ORDER**

Defendant David Catlett ("Catlett") was convicted of bank robbery, in violation of 18 U.S.C. § 2113(a), pursuant to his plea of guilty.  On November 29, 2006, the Court sentenced Catlett to 151 months' imprisonment and three years' supervised release.  Catlett's sentence was enhanced because of his classification as a career offender, based on prior felony convictions for bank robbery and residential burglary.  Catlett did not appeal his conviction or sentence.  Now before the court is Catlett's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (docket entry #40) and the Government's response in opposition (docket entry #45).  After careful consideration, and for the reasons that follow, the Court finds that the motion should be denied.[1]

---

[1] Because the record conclusively shows that Catlett is not entitled to relief, the Court decides his motion without conducting an evidentiary hearing.  *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)(citations omitted)(holding that a petition under § 2255 can be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or if the allegations cannot be accepted as true because they are contradicted

Catlett asserts two grounds for relief. First, he states that he "intends" to challenge his classification as a career offender on the ground that it is based on an invalid state conviction. Catlett reports that he filed a motion in state court to vacate his prior burglary conviction. He states: "It is movant's intention to challenge his adjudication as a career offender, and the resulting enhanced sentence . . . should the state burglary charge be set aside, especially as movant is actually innocent thereof." Docket entry #40, at 6.

Catlett states that, although his state burglary conviction has not been vacated, he brings his claim now in order "to preclude any subsequent procedural or Rule § 9 bar." *Id*. at 5. Catlett requests that "the Court deem the issue timely-filed, but . . . adjourn proceedings thereon, or otherwise declare that the AEDPA statute is tolled until state review is complete." *Id*. at 7. Such tolling, according to Catlett, "would only apply to the issues raised in this motion, and any other issue raised by movant would otherwise be susceptible to AEDPA time requirements." *Id*.

Assuming that Catlett's state conviction is vacated, the limitation period for seeking relief under § 2255 will begin to run when he receives notice of the order vacating the prior conviction, provided that he was diligent in challenging his state court conviction.[2]  As Catlett correctly acknowledges, his claim attacking classification as a career offender based on an invalid state conviction is not ripe for review. Accordingly, the claim must be dismissed as premature. If Catlett succeeds in his effort to have his state conviction vacated, he may then re-

---

by the record, inherently incredible, or conclusions rather than statements of fact).

[2]In *Johnson v. U.S.*, 544 U.S. 295, 125 S.Ct. 1571 (2005 ), the Supreme Court held that that vacatur of a prior state conviction used to enhance a federal sentence is a "fact" for the purpose of 28 U.S.C. § 2244(d)(1)(D), which can trigger the one-year limitation period for seeking relief under § 2255, provided that the defendant exercises due diligence in challenging the state conviction.

file his claim.  *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-45, 118 S.Ct. 1618 (1998)(holding that a claim raised in a prior petition that was dismissed as unripe is not barred by § 2244(b) as a successive petition).

Second, Catlett claims that he received ineffective assistance of counsel.  He claims that prior to his guilty plea, counsel advised him that his sentencing exposure would be 46 to 57 months' imprisonment.  Catlett states that he informed counsel that he was concerned that he might receive an increased sentence based on his previous conviction for burglary.  According to Catlett, counsel told him that the Court was unaware of the burglary conviction and "would not find out about it."  Catlett states that he entered a guilty plea based solely upon counsel's assessment regarding his likely sentencing range.

To establish ineffective assistance of counsel, Catlett must prove (1) deficient performance--that his counsel's representation fell below an objective standard of reasonableness;  and (2) prejudice--that but for counsel's unprofessional errors, the result of the proceeding would be different.  *See Strickland v. Washington*, 466 U.S. 668, 688-694, 104 S. Ct. 2052, 2064-2068 (1984).   This two-part test applies to challenges to guilty pleas based on ineffective assistance of counsel.  In order to satisfy the prejudice requirement, Catlett must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366 (1985).

Even accepting as true Catlett's allegation that his attorney told him that the Court would not discover his previous burglary conviction and would sentence him to a term of imprisonment between 46 to 57 months, he is unable to show prejudice.

Before Catlett entered his plea, the Court informed him that he faced a twenty-year maximum statutory sentence, that it was not possible to determine his guideline sentence until after preparation of a pre-sentence report, and that the Court could impose a sentence more severe than called for under the guidelines.   Plea Hr'g Tr. at 3-6. Catlett stated under oath that he understood the foregoing information.  *Id.*  Additionally, it is clear from Catlett's allegations that he was independently aware of the possibility that he could receive an enhanced sentence based on his prior convictions.  Given what Catlett knew before he entered his guilty plea, he is unable to show a reasonable probability that but for  his attorney's erroneous estimation of what the ultimate sentence would be, he would have insisted on going to trial.

For the reasons stated, it is hereby ordered that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (docket entry #40)  is DENIED.

IT IS SO ORDERED THIS 9TH DAY OF     APRIL, 2008.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE