**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | NO: 4:05CR00275   SWW |
| VS. | * | |
| | * | NO: 4:07CV01135   SWW |
| | * | |
| DAVID CATLETT | * | |
| | * | |

**ORDER**

Before the Court is a motion (docket entry #48) and a supplemental motion (docket entry #50) by Defendant David Catlett ("Catlett") asking the Court to reconsider its decision to deny his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The Government has filed a response in opposition (docket entry #53), and the matter is ready for decision.  After careful consideration, and for the reasons that follow, the motions for reconsideration will be denied.

Catlett was convicted of bank robbery, in violation of 18 U.S.C. § 2113(a), pursuant to his plea of guilty.  On November 29, 2006, the Court sentenced Catlett to 151 months' imprisonment and three years' supervised release.  Catlett's sentence was enhanced because of his classification as a career offender, based on prior felony convictions for bank robbery and residential burglary.  Catlett did not appeal his conviction or sentence, but he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  On April 9, 2008, the Court entered an order denying Catlett's motion.

In support of his first ground for relief under § 2255,[1] Catlett alleged as follows:

---

[1] Catlett's second ground for relief was ineffective assistance of counsel.  He claimed that prior to his guilty plea, counsel advised him that his sentencing exposure would be 46 to 57

1

> The District Court imposed an enhanced career-offender sentence . . . owing, in pertinent part, to movant's 2004 burglary conviction in the State of Arkansas.
>
> At present, movant has a pending Arkansas State motion to vacate that burglary conviction, upon the grounds of: actual innocence, the plea was not knowingly, intelligently, or voluntarily made, and the movant was not fully advised of the full consequences of the plea of guilty, and therefore the conviction was void.
>
> It is movant's intention to challenge his adjudication as a career offender, and the resulting enhanced sentence, in this Court, should the state burglary be set aside, especially as movant is actually innocent thereof.

Docket entry #40, at 6-7. Catlett explained that he was asserting his claim before his state burglary conviction was vacated in order to avoid a "procedural or Rule § 9 bar." *Id.* at 5. Catlett requested that "the Court deem the issue timely-filed, but . . . adjourn proceedings thereon, or otherwise declare that the AEDPA statute is tolled until state review is complete." *Id.* at 7.

In the order denying Catlett's motion, the Court stated as follows:

> Assuming that Catlett's state conviction is vacated, the limitation period for seeking relief under § 2255 will begin to run when he receives notice of the order vacating the prior conviction, provided that he was diligent in challenging his state court conviction. As Catlett correctly acknowledges, his claim attacking classification as a career offender based on an invalid state conviction is not ripe for review. Accordingly, the claim must be dismissed as premature. If Catlett succeeds in his effort to have his state conviction vacated, he may then re-file his claim. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-45, 118 S.Ct. 1618 (1998)(holding that a claim raised in a prior petition that was dismissed as unripe is not barred by § 2244(b) as a successive petition).

Docket entry #47, at 2-3.

On May 1, 2008, Catlett filed a motion for reconsideration in which he asserts a ground

---

months' imprisonment. Catlett alleged that he informed counsel that he was concerned that he might receive an increased sentence based on his previous conviction for burglary. According to Catlett, counsel told him that the Court was unaware of the burglary conviction and "would not find out about it."

for relief not included in his original motion; he now asserts that the presentence report filed in this case erroneously classified him as a career offender because he was <u>never</u> convicted of burglary. Catlett's new allegation directly contradicts those set forth in his original motion--that he was convicted of burglary in state court, that he was attempting to have the conviction vacated, and that he informed his attorney that he was concerned that his sentence would be enhanced because of his burglary conviction.

In support of his claim that he was never convicted of burglary, Catlett submits a copy and order dated April, 1, 2008 denying his motion for postconviction relief filed in state court. That order states that on September 28, 2004 Catlett was arrested for one count of residential burglary and one count of fleeing, and on July 15, 2005 he pleaded guilty to two counts of fleeing. Docket entry #48, Attach. Catlett also submits a copy of a letter dated May 12, 2008, addressed to Catlett from a state court law clerk. The letter reads as follows:

> This Court is in receipt of your letter dated April 15, 2008. After reviewing your file, it appears that you pleaded guilty to two counts of fleeing in this Court. I have notified the Pulaski County Prosecuting Attorney's office of this, as well as the fact that the Judgment and Commitment reflects that you pleaded guilty to one count of burglary and one count of fleeing. If an Amended Judgment and Commitment is determined to be needed, I will mail you a copy of that document.
>
> I do not know if an Amended Judgment and Commitment from this Court will change your federal sentence, but if one is determined to be needed, it will be completed by the Pulaski County Prosecuting Attorney's office and forwarded to you.

Docket entry #50, Attach.

The documents submitted by Catlett indicate that according to a state court judgment, Catlett was in fact convicted of residential burglary and fleeing. Whether that judgment is in error is not for this Court to decide. A federal prisoner may not attack a predicate state

conviction through a § 2255 motion challenging an enhanced federal sentence.[2]  *See Johnson v. United States*, 544 U.S. 295, 304, 125 S. Ct. 1571, 1578 (2005)(citing *Daniels v. United States*, 532 U.S. 374, 376, 121 S. Ct. 1578 (2001)); *see also United States v. Martinez-Cortez*, 354 F.3d 830, 833-34 (stating that "the Supreme Court has made clear that the proper forum in which to attack state convictions . . . is a state court, not a federal one").  However, "a prisoner [can] proceed under § 2255 after successful review of the prior state conviction on federal habeas under § 2254 or favorable resort to any postconviction process available under state law." *Johnson*, 544 U.S. at 304, 125 S. Ct. 1578 (citing *Daniels*, 532 U.S. at 376, 121 S. Ct. 1578).

As stated in the order dismissing Catlett's § 2255 motion Catlett may not challenge his federal sentence under § 2255 unless the predicate state conviction is vacated.[3]  Accordingly,

---

[2]The Supreme Court has suggested that collateral relief through § 2255 might be available in "rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own."  *Daniels v. United States*, 532 U.S. 374, 383-84, 121 S. Ct. 1578 (2001).  In this case, Catlett does not claim that he is prevented from seeking review of his 2004 burglary conviction.

[3]The United States argues that even if the burglary conviction is vacated, Catlett pleaded guilty to two counts of fleeing, which are crimes of violence that qualify him for career offender status.  Under Arkansas law, fleeing by means of any vehicle is considered a Class D felony, punishable by a maximum sentence of 6 years' imprisonment, if, under circumstances manifesting extreme indifference to the value of human life, a person purposely operates the vehicle in such a manner that crates a substantial danger of death or serious physical injury to another person.  *See* Ark. Code Ann. §§ 5-54-125(d)(2), 5-4-401(a)(5).  Such an offense is properly classified as a crime of violence under U.S.S.G. § 4B1.2, and would qualify Catlett as a career offender.  *See United States v. Kendrick*, 423 F.3d 803, 809 (8th Cir. 2005).

"The determination of whether an offense is a crime of violence requires a 'categorical approach' that limits the court's inquiry to such sources as 'the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information."  *Id.*  Here, the Court is without sufficient information to determine whether Catlett was convicted of felony fleeing, a crime of violence, or misdemeanor fleeing.

4

Catlett's motion for reconsideration (docket entry #48) and supplemental motion for reconsideration (docket entry #50) are DENIED.

IT IS SO ORDERED THIS 7TH DAY OF AUGUST, 2008.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE